**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David Mendoza, | ) | No. CV-10-1537-PHX-LOA |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Sky Harbor Inn, | ) | |
| Defendant. | ) | |
| | ) | |

This case arises upon the Court's review of *pro se* Plaintiff's August 23, 2010 filing, doc. 9, which the Court construes as his response to the Court's August 13, 2010 Order to Show Cause, doc. 8, and the file as a whole. For the following reasons, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction, for failure to allege a plausible claim and for failure to comply with court orders. The Clerk will be directed to terminate this case.

**I. Background.**

On July 20, 2010, Plaintiff David Mendoza commenced this action by filing a *pro se* Complaint against Defendant Sky Harbor Inn, presumably a non-governmental business located near Phoenix' Sky Harbor Airport. Overlooking his use of a complaint form entitled "Civil Rights Complaint By A Prisoner," it is impossible to determine Plaintiff's claim for relief in the *pro se* Complaint's rambling, 52-pages from its initial recitation of American history to a discussion of SB 1070, Sheriff Joe Arpaio, the Dream Act, and Senator

John McCain with an additional 26 pages of attached exhibits (newspaper articles regarding SB 1070). (Doc. 1) Plaintiff consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. §636(c) on August 3, 2010. (Doc. 7)

Because the Court is required to give some guidance to a *pro se* plaintiff regarding the deficiencies in a *pro se* complaint, *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988), the Court *sua sponte* entered its July 22, 2010 order. (Doc. 5) This order informed Plaintiff that his "Complaint grossly fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure; fails to state a claim for relief; and, perhaps more importantly, [] fails to cite any federal statute, or allege facts, indicating why this District Court, a court of limited jurisdiction, has subject-matter jurisdiction over Plaintiff's action, e.g. 28 U.S.C. § 1331(federal-question jurisdiction), 28 U.S.C. § 1332 (diversity of citizenship and amount in controversy exceeds $75,000.00)." (*Id.* at 2) The Court ordered Plaintiff to "amend his Complaint to comply with Rule 8(a) of the Federal Rules of Civil Procedure and set forth sufficient facts to establish a plausible claim against Defendant in full compliance with *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544(2007) . . . ." (*Id.*) The Court's July 22, 2010 order quoted the relevant portions of Rule 8(a) and (d), Fed.R.Civ.P., and explained the directives of the Supreme Court in *Twombly* and *Iqbal*. (*Id.* at 3-4) Also, the Clerk of the Court was directed to provide Plaintiff with a copy of "Filing A Complaint In Your Own Behalf" to assist him in drafting an appropriate amended complaint. Finally, the Court ordered Plaintiff "that on or before **Friday, August 6, 2010**, Plaintiff shall file a First Amended Complaint in compliance with Rule 8(a), FED.R.CIV. P., and LRCiv.7.1 which shall contain a short and plain statement of his factual and legal allegations against the Defendant, specify the Court's jurisdictional basis, and clarify the civil right's or other federal or state statute(s) upon which Plaintiff is relying to support his claim(s)." (*Id.* at 4) (emphasis in original).

Due to the absence of a timely filed First Amended Complaint, on August 13, 2010, the Court ordered Plaintiff to "show cause in writing on or before **5:00 p.m. on Tuesday, August 24, 2010** why this lawsuit should not be dismissed without prejudice for

failing to comply with the Court's prior orders." (Doc. 8 at 2) Plaintiff was further informed that if he complied with the Court's July 22, 2010 orders on or before August 24, 2010, the Court would "automatically discharge and vacate this OSC without imposing any sanctions." (*Id.*) Conversely, Plaintiff was warned, for the second time, see doc. 5 at 4-5, that if he failed to timely comply with the Court's orders this case would be dismissed in its entirety. (*Id.*)

On August 23, 2010, Plaintiff filed a 34-page document which the Court construes as his response to the Court's August 13, 2010 Order to Show Cause. (Doc. 9) The first six pages contain Plaintiff's criticisms of presumably the Sky Harbor Inn, apparently an apartment complex he describes as a "slumlord Roach Motel," *id.* at 4, and the last 22 pages contain copies of Sex Offender Notifications of presumably registered sex offenders who purportedly live at 2333 E. Van Buren, Phoenix. It is clearly not an amended complaint. Even if Plaintiff intended his response to be an amended complaint, it fails to set forth the basis of federal jurisdiction and a plausible claim against Defendant Sky Harbor Inn.

**II. Federal Jurisdiction.**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, a federal district court has subject matter jurisdiction over a case only if the complaint alleges a federal cause of action or the amount in controversy exceeds $75,000 and the parties are citizens of different states. See 28 U.S.C. §§ 1331, 1332(a). In other words, a federal court may only hear those cases the Constitution and Congress have authorized; namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen*, 511 U.S. at 377.

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Fenton v. Freedman*, 748 F.2d 1358, 1359, n. 1 (9th Cir. 1984). Courts must presume a lack of jurisdiction until the plaintiff proves otherwise. *Kokkonen*, 511 U.S. at 377. To overcome that presumption, the plaintiff must provide a statement of the grounds for the federal court's subject matter

jurisdiction. Fed.R.Civ.P. 8(a) ("A pleading . . . must contain (1) a short and plain statement of the grounds for the court's jurisdiction[.]").

Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if (a) the complaint alleges a federal claim ("federal question jurisdiction") or (b) the amount in controversy exceeds $75,000 and the parties are citizens of different states ("diversity jurisdiction"). See 28 U.S.C. §§ 1331, 1332(a).

For federal question jurisdiction, section 1331 does not itself create federal jurisdiction; it "confers jurisdiction only where a federal question is otherwise at issue." *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980). In general, a federal question invokes a "right or immunity created by the Constitution or laws of the United States." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). That federal right or immunity "must be an element, and an essential one, of the plaintiff's cause of action." *Id*. While not an infallible rule, if federal law creates the cause of action, federal question jurisdiction will generally lie. *Murphey v. Lanier*, 204 F.3d 911, 912 (9th Cir.2000); *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.").

For diversity jurisdiction, section 1332 requires complete diversity between the parties and the amount in controversy exceeds $75,000. See, e.g., *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In other words, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Id*. In determining the existence of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, ___ U.S. ___, 130 S.Ct. 1181 (2010) (a corporation's principal place of business, for diversity jurisdiction purposes, is its nerve center, abrogating *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500-502 (9th Cir. 2001) (*per curiam*).

## III. The Court's Inherent Power.

Because a district court has the inherent power to control its docket, it may exercise that power by imposing sanctions including, where appropriate, dismissal of a case.

*Anheuser-Busch, Inc. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (public interest "in expeditious resolution of litigation," district court's need to manage its docket, risk of prejudice to party seeking sanctions, public policy favoring disposition on the merits, availability of lesser sanctions, bad faith of violating party, relationship between conduct and merits); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a *pro se* plaintiff's complaint for failing to comply with a court order); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (personal responsibility of party, prejudice to other party, history of dilatory conduct, willfulness or bad faith, other sanctions, merits of claim or defense).

In determining whether to dismiss a case for failure to comply with court orders, district courts consider and weigh five factors: (1) the public interest; (2) the district court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1260-61. Additionally, Plaintiff's failure in this case to comply with court orders is frustrating the court's responsibilities mandated by Rule 1, FED.R.CIV.P., ("These rules . . . shall be construed and administered to secure the just, *speedy*, and inexpensive determination of every action.") (emphasis added), and by the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq.*, such as, "setting early, firm trial dates, such that the trial is scheduled to occur to occur *within eighteen months* after the filing of the complaint. . . ." 28 U.S.C. § 473(a)(2) (emphasis added). A *pro se* plaintiff's status does not discharge his obligation to "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

After considering and weighing all five *Ferdik* factors to determine if dismissal is appropriate due to Plaintiff's failure to comply with the Court's prior orders, the Court concludes that the lesser sanction of dismissal of Plaintiff's Complaint *without prejudice* is appropriate and just under the circumstances.

**IV. Conclusion.**

Plaintiff's Complaint contains no explanation of his claims and no statement

of the basis for jurisdiction. (Doc. 1) Plaintiff's claims are not brought under any identified federal statute. 28 U.S.C. § 1331. Nor does the Complaint assert that the parties are citizens of different states. 28 U.S.C. § 1332(a). Additionally, even if Plaintiff is attempting to establish a federal question § 1983 claim against Sky Harbor Inn, a seemingly private entity, Plaintiff must prove that (1) Sky Harbor Inn acted under color of law and (2) violated Plaintiff's constitutional rights. *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989); *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 747 (5th Cir. 2001).

Having failed to allege a basis for federal jurisdiction, failed to allege sufficient facts to establish a plausible claim under Supreme Court precedent, and failed to comply with prior court orders, the Court will dismiss this action without prejudice.

**IT IS ORDERED** that Plaintiff's Complaint, doc. 1, is dismissed without prejudice for lack of subject matter jurisdiction, failure to allege sufficient facts to state a plausible claim, and failure to comply with prior court orders. The Clerk of Court is directed to terminate this action.

**IT IS FURTHER ORDERED** that all pending motions are denied as moot (see Doc. 4).

Dated this 25th day of August, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge